NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-3628

———————————

UNITED STATES OF AMERICA

v.

MICHAEL R. VOLEK,

Appellant

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3-18-cr-00234-001)
District Judge: Honorable Anne E. Thompson

———————————

Submitted under Third Circuit LAR 34.1(a)
On September 24, 2019

Before: MCKEE, AMBRO and ROTH, Circuit Judges

(Opinion filed:  December 4, 2019)

———————————

OPINION[*]

———————————

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Upon pleading guilty to one-count of bank robbery, Michael R. Volek was sentenced as a career offender by virtue of two prior state robbery convictions. Volek challenges his sentence, arguing that his state robbery convictions are not "crimes of violence" that warrant enhanced sentencing as a career offender.[1] For the reasons stated below, we will affirm his judgment of sentence.

## I.

After robbing two TD Banks, Volek pled guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. The District Court sentenced him as a career offender on account of his two prior New Jersey robbery convictions, described in his presentence investigation report (PSR). The court sentenced Volek to 130 months in prison, three years of supervised release, and payment of restitution.

Volek appeals his sentence, arguing that the New Jersey robbery statute, N.J. STAT. ANN. § 2C:15-1, is not divisible and that violations of the statute do not necessarily constitute crimes of violence. He also challenges the District Court's reliance on his PSR to determine the nature of his prior convictions.

## II.

---

[1] Volek also challenges the District Court's finding that his federal bank robbery conviction was a crime of violence. However, he concedes that this argument is foreclosed by our decision in *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018), and only wishes to preserve his right to raise this argument in the future. We agree that under *Wilson* his instant offense for bank robbery is a crime of violence. *See id.* at 88.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We exercise plenary review over whether a prior conviction constitutes a crime of violence for purposes of the career offender Guideline.[2]

### III.

The U.S. Sentencing Guidelines impose sentencing enhancements for career offenders.[3]  The career offender enhancement essentially operates as a three strikes rule: A defendant faces an increased sentence for a felony crime of violence or controlled substance offense if he has two or more prior felony convictions for a crime of violence or controlled substance offense.[4]  A "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another," or is one of several enumerated offenses, including robbery.[5]

We use the categorical approach to determine if a prior conviction is a predicate offense for a career offender sentencing enhancement.[6]  To do so, we "compare the elements of the statute under which the defendant was convicted to the [G]uidelines' definition of crime of violence."[7]  Courts use a modified categorical approach if a statute is "divisible"—that is, the statute defines multiple crimes by listing elements in the

---

[2] *United States v. Brown*, 765 F.3d 185, 188 (3d Cir. 2014).
[3] U.S.S.G. § 4B1.1.
[4] U.S.S.G. § 4B1.1(a).
[5] U.S.S.G. § 4B1.2(a).
[6] *United States v. McCants*, 920 F.3d 169, 177 (3d Cir. 2019).
[7] *Id.* (alteration in original) (quoting *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018)).

alternative.[8]  The modified categorical approach permits courts to consult a limited number of *Shepard* documents to determine which elements formed the basis of a prior conviction.[9]  *Shepard* documents are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factfinding by the trial judge to which the defendant assented, or other comparable judicial record[s] of the prior conviction."[10]

We first address Volek's contention that New Jersey's robbery statute, N.J. STAT. ANN. § 2C:15-1, is not divisible.  That statute reads

> a. Robbery defined. A person is guilty of robbery if, in the course of committing a theft, he:
>
> > (1) Inflicts bodily injury or uses force upon another; or
> >
> > (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
> >
> > (3) Commits or threatens immediately to commit any crime of the first or second degree.
>
> . . .
>
> b. Grading. Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon.

---

[8] *Id.* at 178.
[9] *Descamps v. United States*, 570 U.S. 254, 262 (2013); *Shepard v. United States*, 544 U.S. 13, 16 (2005).
[10] *United States v. Siegel*, 477 F.3d 87, 93 (3d Cir. 2007) (alteration in original) (internal quotation marks omitted) (quoting *Shepard*, 544 U.S. at 16, 26).

Volek argues that the District Court should have looked to New Jersey's treatment of the statute, which he maintains regards it as indivisible. However, Volek fails to identify, and we have not located, any state precedent that "definitively answers the question" of divisibility.[11] In the absence of clear state authority to the contrary, we agree with our recent analysis in *United States v. McCants*, which held that § 2C:15-1 is divisible.[12]

A divisible statute calls for us to use the modified categorical approach to determine whether Volek's convictions are predicate offenses under the Guidelines. Instead of submitting the typical *Shepard* documents at sentencing, the government produced only Volek's PSR to clarify the nature of his prior convictions. We have previously held that a court can look to a presentence report if the defendant did not challenge the descriptions of the factual accounts within it.[13] In his sentencing memorandum and during his sentencing hearing, Volek challenged the District Court's use of the PSR and the reliability of the source. He did not, however, dispute the PSR's factual descriptions of his crimes, even when asked if he had "any objections to its accuracy or completeness." Nor does he challenge those descriptions now.

---

[11] *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).
[12] 920 F.3d at 178-79.
[13] *Siegel*, 477 F.3d at 93-94.

Moreover, we are able to take judicial notice of the *Shepard* documents submitted by the government for the first time on appeal.[14] The charging document, plea form, and judgment of conviction reveal that Volek's 1996 conviction for first-degree robbery included conduct that tracks the language found in N.J. STAT. ANN. § 2C:15-1(a)(1) and (a)(2). His 2007 conviction was also for first-degree robbery and involved conduct that tracks the language of § 2C:15-1(a)(2). These elements require force or the threat of force against another person. This forecloses Volek's argument that his convictions may have rested on § 2C:15-1(a)(3), which he contends does not necessarily include force or the threat of force. Additionally, each offense resulted in a sentence greater than one year. Thus, we conclude that both of his first-degree robbery convictions qualify as crimes of violence and warrant enhanced sentencing as a career offender.

IV.

For these reasons we will affirm Volek's judgment of sentence.

---

[14] *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also United States v. Remoi*, 404 F.3d 789, 793 n.1 (3d Cir. 2005) (noting "it would be pointless to remand the case simply to have the District Judge take notice of that which we may notice ourselves").